## Chicago City Railway Co. v. William H. Rood.

1. NEGLIGENCE—*Not to be Imputed to Passengers.*—Negligence can not be imputed to a passenger on a street car because he assumes, while riding, an attitude to which the construction of the car invites or tempts him.

2. STREET CARS—*Duty of the Company.*—Although a street car is run upon a fixed track, it is the duty of the company to exercise the highest decree of care, diligence, vigilance and skill practicable under the circumstances, for the safety of passengers in its cars, and its servants are required to observe and guard against dangers in the way.

3. SAME—*Passengers Not Required to be on the Lookout.*—Passengers on street cars are not required to be on the lookout for collisions with passing teams; this is the duty of the company's servants.

4. Presumptions—*Negligence—Prima Facie Case.*—Proof of an injury occurring as the proximate result of an act which, under ordinary circumstances, would not, if done with due care, have injured any one, is enough to make out a presumption of negligence.

Trespass on the Case, for personal injuries. Appeal from the Circuit Court of Cook County; the Hon. Edward F. Dunne, Judge, presiding. Heard in this court at the October term, 1895. Affirmed. Opinion filed February 11, 1896.

W. J. Hynes and H. H. Martin, attorneys for appellant.

Mann, Hayes & Miller, attorneys for appellee.

Mr. Presiding Justice Gary delivered the opinion of the Court.

The question of law in this case is the same, whether considered as arising upon the instructions or upon the evidence.

That question is as to the presumption of negligence by a carrier of passengers, when a passenger is injured by collision with a passing team of two horses and wagon, over which the railway had no control.

The appellee was on the grip car of a north bound train, on the second seat from the front, and on the west side of the car. The side of the car was open, and the appellee sat with his arm around a post supporting the roof, at the end of the seat, and his right foot crossed over his left, and thus both his arm and right foot extended—though how much is not clear—beyond any protection which the framework of the car afforded to his person.

The principle upon which the case was tried, was that under such circumstances, as to the relation of the parties, the burden was on the railway to explain why the appellee was brushed and his right foot caught by a passing team and wagon and he hurt.

Chicago & Alton R. R. v. Pondrom, 51 Ill. 333, is an expression of the opinion of the Supreme Court on a question of fact, tending at least to the position that it can not be imputed to a passenger as negligence that he assumes, while

riding, an attitude to which the construction of the car invites or tempts him.

Then assuming that the appellee was not negligent, the case is that a car of the railway and a team and wagon were too near each other when passing, going in opposite directions.

Although the car ran upon a fixed track, yet it was the duty of the appellant to exercise the highest degree of care, diligence, vigilance and skill practicable under the circumstances, for the safety of the passengers in the car. North Chicago Street R. R. v. Cook, 145 Ill. 551; Fuller v. Talbot, 23 Ill. 357; Frink v. Potter, 17 Ill. 406.

The servants of the appellant were required to observe and guard against dangers in the way. Chicago & Alton R. R. v. Pillsbury, 123 Ill. 9; North Chicago St. Ry. v. Cook, 145 Ill. 551.

Proof of an injury occurring as the approximate result of an act which, under ordinary circumstances, would not, if done with due care, have injured any one, is enough to make out a presumption of negligence. North Chicago St. Ry. v. Cotton, 140 Ill. 486.

Now, the car and team could not have passed so near to each other as to endanger passengers in customary attitudes in the car, without negligence by those in control of one or the other, and perhaps—if not probably—of both. The peril could probably be foreseen. The passenger was not required to be on the lookout, and the appellant's servants were. It follows that the burden is upon the appellant to show that it was not in fault.

The judgment is affirmed.