**Fred W. Fraser, Appellee, v. Harper House Company, Appellant.**

**Gen. No. 4,904.**

1. INNKEEPERS—*care required of, for personal safety of guests.* A proprietor of a hotel, in which a passenger elevator is operated for the convenience of his guests, is held to the same care and dili-

gence for the safety of his guests in the elevator, as a railway is required to use for the safety of its passengers.

2. CONTRIBUTORY NEGLIGENCE—*when elevator passenger not guilty of*. A guest of a hotel, riding in an elevator therein, cannot be held guilty of negligence when he assumes an attitude while so riding which the construction of the elevator invites.

3. INSTRUCTIONS—*when not erroneous in permitting jury to consider "loss of time, if any."* An instruction in an action for personal injuries which permits the jury to consider as an element of damage "loss of time, if any," is not erroneous if based even upon slight evidence tending to show that the plaintiff suffered loss of time as a result of the injury complained of.

4. VERDICTS—*when not disturbed as excessive.* The Appellate Court will not set aside a verdict as excessive if the same opportunities enjoyed by the trial court in determining the propriety of such verdict are not afforded to it, as, for instance, the exhibition of the injured member, in an action for personal injuries.

Action in case. Appeal from the Circuit Court of Rock Island county; the Hon. WILLIAM H. GEST, Judge, presiding. Heard in this court at the October term, 1907. Affirmed. Opinon filed March 11, 1908.

SEARLE & MARSHALL, for appellant.

H. A. WELD and HUGH H. HADLEY, for appellee.

MR. JUSTICE THOMPSON delivered the opinion of the court.

This is an action on the case brought by Fred W. Fraser against the Harper House Company. The declaration contained three counts alleging in different ways that the plaintiff was a guest for hire at a hotel conducted by the defendant, in which was a passenger elevator, and that while a passenger on said elevator he was injured by the negligence of the defendant, in that said elevator at a side other than that at which plaintiff entered was in an unsafe condition, unguarded and unprotected except by a narrow wooden bar; that said elevator was carelessly and negligently constructed and operated, and that it was the duty of defendant to provide a safe means to guard passengers from injury from contact with the walls of the shaft, and to

enclose the cage, but that the defendant negligently failed to provide suitable guards and to warn the plaintiff of the danger; whereby plaintiff, in the exercise of due care, was injured, etc. Plaintiff recovered a verdict and a judgment for $750, from which the defendant appeals.

The proof shows that the appellee is a commercial traveler; that on February 16, 1906, he engaged a room on the third floor at the hotel of the appellant, the Harper House Company, in Rock Island; that there is in the hotel a passenger elevator about six feet square, with two entrances the width of an ordinary door upon opposite sides of the cage; that one of the entrances is on the south side from the lobby of the hotel and is closed by a grill door, such as is ordinarily seen in elevators; that the other entrance from the north is the ladies' entrance and connects with a passageway from Second avenue; this is not closed by a door, but there is a wooden bar five or six inches wide horizontally across the opening about three feet from the floor; the rest of the elevator is enclosed by an iron grill work and is lighted by an electric light in the dome of the cage; that building walls constitute the north and east sides of the shaft, and the other two walls are ordinary grill work; that the elevator is operated by the employes of the hotel; that the appellee had been at the hotel from three to five times before; that on the evening of February 16th appellee entered the elevator from the lobby of the hotel, walked to the opposite side of the elevator, and, leaning or standing against the bar with his hand on it, permitted his elbow to project some five or six inches beyond the cage into the shaft, and as the elevator went up his elbow came in contact with a slight projection on the wall of the shaft and thereby received a fracture of the end of the radius of the right arm at the wrist, known as a Colles fracture; that the appellee was incapacitated from his work seven or eight weeks because of the injury, but his salary was paid him during

the time he was not at work; that he paid $48 for medical services, suffered intense pain several weeks, and still has pain during changes of the weather; that the arm is somewhat deformed, is weak and its use is impaired.

The assigment of error most strenuously relied upon is that the court erroneously refused to instruct the jury to find for the defendant at the close of all the evidence. The basis for this contention is the claim that the appellee did not prove he was in the exercise of ordinary care, and that no negligence was proved on the part of appellant. A proprietor of a hotel in which a passenger elevator is operated for the convenience of his guests is held to the same care and diligence for the safety of his guests in the elevator as a railway is required to use for the safety of its passengers. In Hartford Dep. Co. v. Sollitt, 172 Ill. 225, it is said: "Persons operating elevators are carriers of passengers, and the same rules applicable to other carriers of passengers are applicable to those using elevators for raising and lowering persons from one floor to another in buildings. It is a duty of such carriers of passengers to use extraordinary care in and about the operation of such elevators, so as to prevent injury to persons therein." The law requires the highest degree of care to be exercised by the carrier that is consistent with the efficient use of the means and appliances adopted. Appellee was a comparative stranger in the elevator, having been at the hotel only a few times, and had not carefully inspected the elevator. He went into it, walked to the opposite side and leaned against the cross bar, with his right hand on this cross bar, and the next thing he knew, as is stated by counsel for appellant, "Appellee's elbow came in contact with a slight projection on the wall of the shaft." It cannot be imputed to a passenger as negligence that he assumes while riding an attitude to which the construction of the car invites or tempts him. C. & A. R. R. Co. v. Pondrom, 51 Ill.

334; Chicago City Ry. Co. v. Rood, 62 Ill. App. 550. Counsel for appellant argue that the case of Beidler v. Branshaw, 200 Ill. 425, and some other elevator cases cited by them, are parallel with this case and conclusive that appellee was not in the exercise of ordinary care. In each case cited by appellant the person injured was an employe in the building when he was injured and knew and was familiar with the elevator and its surroundings; and some of these cases were concerning combination freight and passenger elevators. Knowledge of the surroundings is notice of the dangers which might naturally be anticipated therefrom. That element is entirely lacking in this case. That appellant was negligent in operating an elevator constructed as this was, we think clearly appears, and the question of the care of appellee was for the jury to decide from all the evidence and facts in proof. The trial court approved of the verdict, and we cannot say that the position assumed by appellee was under the circumstances negligence *per se.*

It is assigned for error that the court gave contradictory instructions, in that the jury were instructed for the appellee that "loss of time" was an element of damage, and that an instruction for appellant told the jury there could be no recovery for loss of time when he drew his salary for that time. The instructions are entirely consistent with each other. Appellee's instruction did not assume there had been loss of time, but told the jury, in awarding damages, to take into consideration "loss of time, if any," thus leaving the question of fact to the jury. It may be there was but slight proof to base appellee's instruction on, but appellee introduced some proof tending to show that he lost other time subsequent to the time he was under the doctor's care, and testified it took longer to do his writing. There was no error in not giving appellant's refused instructions. Numbers 28 and 29 were in the eighth given instruction and No. 26 was properly refused, because of the argument in it.

It is insisted the judgment is excessive. We have not the same information the trial court and jury had, to whom the arm was exhibited. The proof in the record is that the arm is crooked, weak and still painful at times. We find no reason for interfering with the judgment. It is therefore affirmed.

*Affirmed.*