## SCHMITT, Respondent, v. ST. LOUIS TRANSIT COMPANY, Appellant.

### St. Louis Court of Appeals, November 28, 1905.

1. **CONTRIBUTORY NEGLIGENCE: Boarding Moving Car.** Whether getting on a moving car is a negligent act depends on circumstances such as the speed of the car, the age and strength of the party, whether he be incumbered with burdens and any other relevant fact; if the car is moving very slowly it is a question for the jury whether the act is negligent.

2. **PERSONAL INJURIES: Contributory Negligence: Instructions.** In an action for injuries received by plaintiff while attempting to board one of the defendant's cars on account of the car starting suddenly before the plaintiff had time to board it, where the defense was contributory negligence in boarding a moving car, the instructions are set out at length and held to be sufficiently favorable to the defendant.

3. **CONTRBUTORY NEGLIGENCE: Physical Facts: Conflicting Evidence.** In an action for injuries received by the plaintiff while attempting to board defendant's car, it will not be held that the physical facts show the accident could not have occurred in way plaintiff claimed, where there was testimony from which it could be inferred the accident occurred in a manner consistent with plaintiff's right to recover without contradicting physical facts.

4. ———: ———. Where the testimony in such a case shows beyond dispute any fact which rendered it impossible according to the law of nature for the accident to have occurred from the defendant's negligence, or unless plaintiff himself was to blame, the judgment for plaintiff should be reversed.

Appeal from St. Louis City Circuit Court.—*Hon. Matthew G. Reynolds,* Judge.

AFFIRMED.

*Glendy B. Arnold* for appellant; *Boyle, Priest & Lehmann* and *George W. Easley* of counsel.

The verdict of the jury is against the overwhelming weight of the evidence. Kennedy v. Railroad, 103 Mo. App. l. c. 8, 78 S. W. 77; Bank v. Wood, 124 Mo. 72, 27 S. W. 554; Chitty v. Railroad, 148 Mo. 64, 49 S. W. 868. The court erred in refusing to give to the jury the following instruction: "The court instructs the jury that in weighing the evidence and determining the facts in this case, you should not only weigh and consider the oral testimony given in evidence by the several witnesses who have testified before you, but you should also take into consideration the physical facts which appear in evidence, if any, and if you believe and find that the oral testimony heard by you conflicts and is inconsistent with the physical facts in evidence, if any, then your finding should be in accordance with such physical facts." Spiro v. St. Louis Transit Co., 102 Mo. App. 250, 76 S. W. 684; Hook v. Railroad, 162 Mo. 581, 63 S. W. 360; Kelsey v. Railroad, 129 Mo. 362, 30 S. W. 339; Hayden v. Railroad, 124 Mo. 573, 28 S. W. 74; Payne v. Railroad, 136 Mo. 562, 38 S. W. 308.

STATEMENT.—The defendant prayed the court to instruct the jury as follows:

"D. No. 8. The court instructs the jury that in weighing the evidence and determining the facts in this case, you should not only weigh and consider the oral testimony given in evidence by the several witnesses who have testified before you, but you should also take into consideration the physical facts which appear in evidence, if any, and if you believe and find that the oral testimony heard by you conflicts and is inconsistent with the physical facts in evidence, if any, then your finding should be in accordance with such physical facts.

" X. The jury are instructed that under the pleadings and all the evidence in this case, your verdict must be for the defendant."

Which said instructions, and each of them, the court refused to give, to which ruling defendant excepted.

The court gave the following instructions for the plaintiff:

"P. 1.  If the jury find from the evidence in this case that the defendant was on the 3rd day of June, 1901, operating the railway and car mentioned in the evidence, as a carrier of passengers for hire; and if the jury find from the evidence that on said day the defendant's servants in charge of the east-bound car on Delmar boulevard stopped said car at the intersection of Delmar boulevard and Bayard avenue to receive the plaintiff as a passenger thereon at the signal of the plaintiff of his intention to become a passenger on said car; and if the jury find from the evidence that whilst said car was so stopped to receive the plaintiff as such passenger, the plaintiff was proceeding to get upon said car as a passenger and that whilst he was in the act of doing so, and that whilst he was stepping upon said car to become a passenger and before he had a reasonable time or opportunity to do so, defendant's servants in charge of said car, negligently caused or suffered said car to be started and that thereby the plaintiff was caused to be thrown and to fall from said car and to sustain injuries to his person thereby, and if the jury find from the evidence that the plaintiff was exercising ordinary care at the time of his injuries, then he is entitled to recover.

"P. 2.  If the jury find for the plaintiff they should assess his damages at such a sum as they may believe from the evidence will be a fair compensation to him: first, for any pain of body or mind which the jury may believe from the evidence he has suffered or will suffer by reason of his injuries and directly caused thereby; second, for any loss of the earnings of his labor and avocation which the jury believe from the evidence he has sustained or will hereafter sustain by reason of his injuries and directly caused thereby.

"P. 3.  The court instructs the jury that if they find

from the evidence that the defendant on the third day of June, 1901, was operating the car mentioned in the evidence for the purpose of carrying passengers for hire by street railway; and if the jury find from the evidence in this case that defendant's motorman, at a signal given by the plaintiff, stopped said car to allow plaintiff to get on said car as a passenger, then it was the duty of the defendant, by its servants in charge of said car, to hold said car still until the plaintiff had a reasonable time and opportunity to get upon said car and in a position of reasonable security on said car."

To the giving of said instructions defendant excepted.

The court gave the following instructions for the defendant:

"D. 1. In instructing you as to the law of this case, I will admonish you that you have an important duty to perform in carefully weighing and considering the evidence and applying the law as it shall be given to you in these instructions. You will fail in your duty if you should not look to all the proof and consider it fully, fairly and impartially, and with but one purpose, namely; to arrive at the truth and to do equal and impartial justice, looking only to the law and the proof. You should satisfy yourselves, before returning a verdict, that you fully understand the law and the proof upon which you base your verdict, as your oath places upon you the duty of finding and returning a verdict according to the law and the evidence and that alone. The rights of the parties under the issues made are submitted to you for your honest determination, and you should weigh and consider all the questions submitted without any feeling of prejudice or partiality one way or the other, and with an honest purpose to reach a correct conclusion under the law and the proof. No juror should assent to a verdict that he does not conscientiously believe a correct one according to the law and the proof. You should discuss among yourselves the matter submit-

ted dispassionately, and with minds open to reason and conviction, after the argument of counsel has been heard, without getting up unreasonable antagonism that might interfere with a just, fair and proper consideration of the case. If any juror should happen to know any fact bearing upon this case, either directly or indirectly, he should not act upon it nor communicate it to his fellow-jurors. The law requires you to discuss and rely alone for your verdict upon the sworn testimony adduced, and under the law as given you in these instructions. The jury should not consider the fact that there is an individual on one side and a corporation on the other. Their rights are equal and the same under the law, and the jury should for the time being ignore any consideration as to who the parties are, and remember that nothing but the law and the proof are to determine the issues involved.

"D. 2. If the jury find that the plaintiff undertook to board defendant's car while the same was in motion, then he cannot recover in this case, notwithstanding you may find and believe that the car was running so slowly that the plaintiff had reasonable cause to believe that he could board the same with safety to himself.

"D. 3. If the jury find from the evidence that the car had not stopped and was not at a standstill at the time the plaintiff undertook to board the same, then he cannot recover in this case, and your verdict must be for the defendant.

"D. 4. The jury are instructed that the acts of negligence charged against the defendant cannot be presumed by you, but it devolves upon the plaintiff to prove such negligence to your satisfaction by the greater weight of all the evidence in the case, and unless such negligence has been so proven, the plaintiff cannot recover in this case, and your verdict and finding must be for the defendant.

"D. 5. The court instructs the jury that while the

burden of proof is upon the defendant to establish the contributory negligence of plaintiff, yet this does not relieve the plaintiff of the burden of proving that his injuries were solely caused by the negligence of defendant as set out in the petition and submitted in the instructions for your consideration. The burden of proving that fact rests upon the plaintiff throughout the entire case.

"D. 6. The jury are instructed that you are the sole judges of the credibility of the witnesses and of the weight and value to be given to their testimony. And in determining what credit you will give a witness, and what weight and value you will attach to a witness's testimony, you may take into consideration the manner and demeanor of the witness in testifying; the readiness and willingness, or tardiness and unwillingness, if any, in answering upon the one side or the other; the interest, or want of interest, if any, on the one side or the other; whether the witness has any bias or feeling for or against one side or the other; the witness's means of knowledge of, and opportunity for knowing, the facts testified to; the reasonableness or unreasonableness, and the probability or improbability, of the circumstances related by such witness; and whether or not any witness has made contradictory statements as to material matters involved in the case. And having carefully considered all these matters, the jury must fix the weight of the testimony of each and every witness, and the evidence as a whole. These rules are to be applied to all the witnesses who have testified in the case. But this additional rule must be applied to the plaintiff as a witness: All statements made by him, if any, which are against his own interest must be taken as true, but his statements in his own favor are to be tested by the rules above stated for testing the credibility of evidence.

"D. 7. What constitutes ordinary care, as mentioned in these instructions, depends on the facts in each particular case. It is such care as a person of ordinary

prudence would exercise, according to the usual and general experience of mankind, in the same situation and circumstances as those of the person or persons in this case with reference to whom the term 'ordinary care' is used in these instructions. The omission of such care is negligence in the sense in which that word is used in these instructions."

The jury returned a verdict in plaintiff's favor for $4,000, and defendant appealed.

GOODE, J., (after stating the facts).—Action for personal injuries alleged to have been received by plaintiff by the premature starting of one of defendant's trolley cars while plaintiff was in the act of boarding it. The accident occurred June 3, 1901, at the intersection of Delmar and Bayard avenues in the city of St. Louis. Delmar avenue runs east and west and Bayard avenue north and south, the latter running to the former, but not across it. That is to say, Bayard avenue starts at the north line of Delmar and runs thence northward. Passengers are received at the intersection of those streets. The stopping place for taking them on board east-bound cars is at a point on the south side of Delmar where the east line of Bayard would strike were that street prolonged southward beyond Delmar.

The essential disputes of fact in the case relate to whether plaintiff stood at what would be the southeast corner of the two avenues did Bayard cross Delmar, or at the southwest corner, and whether he attempted to board the car while it was in motion or at rest. His testimony, and he was corroborated by a man who said he was an eyewitness, is that he took his stand at what would be the southeast corner of the two avenues if Bayard crossed Delmar; that is, at the usual place to take passage on east-bound cars. The testimony of the defendant's witnesses, namely; the conductor, the motorman and a passenger, is that plaintiff stood at what would be the southwest corner and that the car was in mo-

tion when he tried to board it. The occurrence was early in the morning. The car had stopped at Euclid avenue, a block or two west of Bayard and had there taken on a lamplighter whose habit it was to board the car every morning. At Euclid avenue the car moved eastwardly toward Bayard where the plaintiff was waiting. He said he raised his hand as a signal for the motorman to stop and the car stopped still on the east line of Bayard; that he attempted to step on it and just as he did so, holding to a handbar, the car commenced to go at rapid speed and he was thrown down and whirled around on the ground. Plaintiff swore he was thrown about ten feet. The only eyewitness who testified to the main facts for the plaintiff, swore that he (the witness) took the car at Walton avenue, which is intermediate between Bayard and Euclid and west of the former. He corroborated Schmitt as to the car being motionless when Schmitt tried to board it and starting while he was in the act of doing so. The conductor of the car swore that when it reached Bayard avenue it was going about twelve miles an hour and he saw the plaintiff, who had been standing at what would be the southwest corner of the two avenues if they crossed, run after the car as it passed toward the west line of Bayard and try to catch hold of it; that he (the conductor) kept telling plaintiff to wait until the car stopped, but plaintiff grabbed hold before it could be stopped and was dragged until he fell. The motorman and a passenger gave substantially the same testimony.

Plaintiff was an elderly man and the injury he received was very severe; a permanent hernia which never can be relieved except by a dangerous surgical operation. The existence of the hernia was proved by reputable physicians and we have no doubt the plaintiff is suffering from it. He swore he never had anything of the kind before and that it was caused by the injury; nor was there any evidence to the contrary.

An earnest appeal is made to us to reverse the judg-

ment because the weight of the evidence so manifestly preponderated in favor of the defendant that the verdict of the jury must have been the result of prejudice. Every member of the court has studied the evidence with great care and having done so, we are unanimously of the opinion that we cannot interfere with the verdict without usurping authority. The instructions to the jury will accompany this opinion, and it will be seen that they submitted the issues with a fairness which left the defendant no cause for complaint. One of them advised the jury that plaintiff could not recover if he attempted to board the car while moving. There might have been some trouble in sustaining an instruction of that kind if the verdict had been against the plaintiff; for as a general rule it is not the law that an attempt to board a car in motion necessarily bars recovery for an injury caused by acceleration of speed while the party was in the act of boarding it. Whether getting on a moving car is a negligent act, depends on circumstances such as the speed the car is under when the attempt is made, the age and strength of the party, whether he is incumbered by burdens or not; and any other relevant fact. [Hansberger v. Railroad, 82 Mo. App. 566, 579, and citations.] If the car is moving very slowly, it is a question for the jury whether the act was negligent. We do not undertake to pass on the propriety of the instruction in this case, as it is unnecessary to do so. The trial court probably took into consideration the age of plaintiff and the lack of evidence to show that if the car was moving when he started to get on, its movement was increased by a careless act of the motorman. Our purpose is to show that the instructions were as favorable to the defendant as it had a right to expect. The court gave an admirable admonitory charge to the jurors about the spirit in which their duties should be performed, and warning them to permit no sympathy or prejudice to influence their verdict. The trial judge did not see fit to interfere with the verdict, though in the motion for a new trial

defendant made the point that it was against the physical facts and indicated passion and prejudice on the part of the jury. Five persons witnessed the occurrence, two of whom testified to facts favorable to the plaintiff and three to facts favorable to the defendant. The jury and the court observed the demeanor of those witnesses on the stand, and as has been observed in innumerable cases, were better able to weigh their testimony than an appellate tribunal with no light on the matter except such as can be gained from a study of the record.

It is argued that the physical facts show the accident could not have happened in the manner plaintiff testified. The supposed physical facts are that plaintiff said he was thrown ten feet by the movement of the car and whirled around. The argument is that if the car had been motionless when he attempted to get on it, it could not at once have moved forward with velocity enough to throw him that distance and, therefore, it must have been in motion when he caught hold of it. It looks improbable that a car could start from a motionless state with such violence as to throw a person in the act of stepping on it, ten feet away. But we do not understand that the plaintiff meant to say he was thrown exactly ten feet, or that by being thrown he meant hurled through the air. The conductor swore plaintiff was dragged along some distance and finally thrown on the ground. Plaintiff's statement about how far he was thrown is not of the essence of the case, nor is it supported by the testimony of all the witnesses. The jury were not bound to believe his statement as to that matter, nor can this court assume that it was absolutely true because he swore to it. The testimony of the other witnesses went to show he was not thrown that distance; therefore there was no unity of testimony as to one of the physical facts said to control the case. The jury may have disbelieved his statement about how far he was thrown and have believed his statement that the car was still when he attempted to get on it and hurt him by starting prema-

turely. If there had been a concert of testimony that he was thrown through the air a distance of ten feet, we would lend a more attentive ear to the contention that such an accident was impossible if the car was motionless when he caught hold of it.

Complaint is made of the court's refusal to give an instruction that if the jury found the physical facts conflicted with the oral testimony, the finding should be in accordance with the former. In so far as that charge was proper, we think it was embraced in the given instructions. As said above, there was no agreement among the witnesses about what the physical facts were. In a sense, nearly or quite all the facts testified about were physical; as they related to where the car was; whether it was at rest or in motion when plaintiff tried to get on; whether it started as he was getting on and the effect on him of the motion it was under already, or the motion suddenly imparted to it. If the testimony showed beyond dispute any fact which rendered it impossible according to the laws of nature, for the accident to have occurred from defendant's negligence, or unless plaintiff was himself to blame, we would reverse the judgment. But where nothing of that kind is conclusively shown in an action for a personal injury, an instruction like the one requested by defendant is covered by general instructions requiring the jury to determine the issues of defendant's negligence and plaintiff's contributory negligence, and to weigh the testimony of the different witnesses according to its probability and reasonableness, or the contrary. To do this jurors would have to compare the statements of any witness with what they believe from the entire evidence the so-called physical facts were. If the jurors thought any statement was irreconcilable with those facts, presumably such statement would be rejected. The expression "physical facts" must be taken to mean in this connection, the location and movements of the plaintiff and the car from the inception to the close of the occurrence, and the effect of

the car's movement on the plaintiff. The judgment is affirmed. All concur.