Flora Warren v. C. Giudici, Appellant.—50 S. W. (2d) 634.

Division One, May 27, 1932.*

*NOTE: Opinion filed at October Term, 1931, April 2, 1932; motion for rehearing filed; motion overruled at April Term, May 27, 1932.

484

*Henson & Woody* for appellant.

486

*Lawrence E. Tedrick* for respondent.

GANTT, P. J.—Action to recover for personal injuries sustained by plaintiff when an automobile in which she was riding collided with an automobile owned and driven by defendant. Judgment for $10,-000, and defendant appealed.

The petition alleged that plaintiff was riding as a guest; that defendant negligently failed to drive his automobile in a careful manner and negligently drove same to the left of the center of the street in attempting to pass another automobile driving in the same direction, thereby causing the collision and plaintiff's injuries.

The answer was a general denial. It further alleged that plaintiff and the driver of the automobile in which she was riding were guilty of certain acts of negligence in the operation, management and control of same, which negligence solely caused the collision and plaintiff's injuries.

They collided in rounding a curve in North Main Street in Poplar Bluff. The collision was in front of the Meredith home, which faces the inside of the curve. At the time the Meredith car was parked in front of the home and close to the curbing on the inside of the curve. As they approached the point of collision, it was the duty of the driver of the automobile in which plaintiff was riding to drive on the outside curve, and it was the duty of defendant to drive on the inside of the curve. The outside of the curve was to plaintiff's right, and the inside of the curve was to defendant's right.

The evidence for plaintiff tended to show the following: Plaintiff resided at Williamsville. She, accompanied by her children, intended to go to Poplar Bluff on the train, leaving Williamsville at 1:30 P. M., on December 11th to visit relatives. Her husband intended to drive to Poplar Bluff the next day and return with them in his automobile to Williamsville. On the night of December 10th plaintiff's husband told her that he had loaned Al Carty his automobile to drive to Poplar Bluff the next day to do Christmas shopping. The next morning plaintiff inquired of Carty if she and the children could ride in the automobile with him to Poplar Bluff that they might have more time to visit. He answered that they could do so. Accordingly, they left Williamsville for Poplar Bluff in the automobile at 9:00 A. M., on December 11th. Plaintiff occupied the front seat with Carty. The children were in the rear seat. Carty drove the automobile without suggestions or directions from plaintiff. He was driving at fifteen to twenty miles per hour and to his right of the center of the road and street until just before the collision. At that time he swerved the automobile to his left when defendant driving at thirty miles per hour turned his automobile to his left in attempting to pass another automobile moving in the same direction. On observing the automobile driven by Carty, defendant also swerved his automobile to his right (or Carty's left), and the automobiles

collided near the center of the street. At the time of the collision both automobiles were turned toward the curbing on the inside of the curve. Carty's automobile was demolished and pushed ten or twelve feet toward the curbing on the inside of the curve. The automobile moving in front of defendant passed the automobile driven by Carty as the collision occurred and did not stop.

The evidence for defendant tended to show the following: At the point of collision it was twenty-two feet, six inches from the curbing on the inside of the curve to the center of the street. There was no moving automobile in front of defendant but the Meredith automobile was between defendant and Carty who was driving on the wrong side of the road. Defendant was driving close to the curbing until he turned his automobile to the left about six feet and eight inches from the curbing and proceeded at seven miles per hour to pass the Meredith automobile parked in front of the Meredith home. As he did so Carty's automobile, moving at thirty miles per hour, appeared immediately in front of him. Defendant applied the emergency brake but was unable to avoid a collision. After the collision both automobiles were on defendant's side of the road and about fourteen inches from the Meredith automobile. The front end of defendant's automobile was nine feet nine inches from the inside curve and its rear end was thirteen feet, ten inches from said curve. The front end of Carty's automobile was eight feet, six inches from the inside curve and the rear end was eleven feet two inches from said curve.

I. Defendant challenges an instruction, which in part follows: ".  .  . and if you further find that defendant C. Giudici .  .  . negligently and carelessly drove said automobile to the left of the center of said street in attempting to pass another automobile which was traveling in the same direction as he was traveling and meeting the automobile in which plaintiff was riding, if you find there was such an automobile at such time and place .  .  ."

He contends that this instruction assumed that he was attempting to pass another automobile when he turned to the left of the center of the street. We do not think so. The instruction requires the jury to find not only that he drove to the left of the center of the street but that he did so in attempting to pass another automobile. The contention is overruled.

II. Defendant next challenges an instruction as ignoring the duty of plaintiff to warn the driver of his negligence, if any, in driving the car and to admonish him to be careful.

If the driver negligently drove the car and plaintiff knew, or by the exercise of ordinary care could have known of said negligence, she did not exercise ordinary care for her own safety if she failed to warn the driver and admonish him to be careful. If she was

not in the exercise of ordinary care for her own safety she would be guilty of contributory negligence. ■ But contributory negligence was not pleaded. Therefore, the instruction could not have been erroneous for the reason stated.

■ Defendant also challenges the instruction as ignoring his defense that the negligent acts of the driver were the sole cause of the collision and plaintiff's injury. The instruction in part follows:

"The court instructs the jury that the negligence of the driver of an automobile cannot be charged or imputed to a person riding therein who has no control over and is not directing the operation of same; therefore, . . . your verdict must be for the plaintiff, if you further believe and find from the evidence that the defendant, C. Giudici, was negligent in the operation of his automobile in the manner set out in plaintiff's Instruction No. 1, and that the said negligence, if any, of the defendant, C. Giudici, caused or contributed to cause plaintiff's injuries, if any.''

Thus it appears that said defense was not ignored. On the contrary the instruction required the jury to find that the negligence of the defendant caused or contributed to cause plaintiff's injuries.

■ III. Defendant next contends that the court erred in refusing an instruction directing the jury that if the automobile in which plaintiff was riding belonged to her husband and was used for the pleasure of the family, and if plaintiff and Carty were traveling on a common mission, the negligence of Carty was imputable to her.

There was no evidence tending to show that the automobile driven by Carty was for the pleasure of the Warren family. Furthermore, there was no evidence tending to show that plaintiff and Carty in driving to Poplar Bluff were engaged in a common mission. On the contrary the uncontradicted evidence tended to show that they were on different missions.

In this connection defendant contends that the court erred in refusing a similar instruction directing the jury that if it was agreed between plaintiff and Carty that he should drive the car, then he was plaintiff's servant and his negligence was imputable to her. There was no evidence tending to show such an agreement. The contentions are overruled.

■ IV. In the course of the argument, counsel for plaintiff said: "There lay one dead man, and this little woman with her arms broken, her face cut and her head cut and her throat cut, and this defendant walked around blackguarding and cursing.''

Defendant contends that this argument was prejudicial and constituted error. The evidence showed that Carty was killed and plaintiff seriously injured. Furthermore, there was evidence tending to show that "she had a fracture of the wrists, a number of lacerations about the face, arms and forehead, a cut on her upper lip, one on

the lower lip, and one on her throat.'' And there was evidence tending to show that at the time defendant indulged in ''cursing.'' On objection, counsel withdrew the word ''blackguarding.'' Thereupon the court ordered counsel to make this argument within the record and directed the jury to decide the case on the facts in evidence. The use of the word ''blackguarding'' was improper. However, in view of its prompt withdrawal and the direction of the court to the jury, we do not think its use could have been prejudicial.

V. Defendant contends the verdict was excessive. As a ·result of the collision, plaintiff's wrists were fractured, knee injured, right jawbone broken in two places, six teeth knocked out, throat cut in two places, and her back and spine injured. She was in the hospital ten days, in bed three weeks at home, lost forty-two pounds in weight and was unable to do housework for some time. The wounds left scars, the injury to her jaw and lips affected her speech, and her nervous system was permanently injured. From this it appears that the verdict was not excessive.

The judgment should be affirmed. It is so ordered. All concur.