ZULA STEPHENS FOWLKES, Appellant, v. ALVIN STEPHENS ET AL.—114 S. W. (2d) 997.

Division One, April 1, 1938.

248

*Von Mayes* for appellant.

*Ward & Reeves* and *C. G. Shepard* for respondents.

FRANK, P. J.—Action to contest the will of G. M. Stephens, deceased. The petition contains two grounds of contest, mental incapacity and undue influence. The issue of undue influence was withdrawn from the jury, and the cause was submitted on the issue of mental incapacity. The verdict and judgment below sustained the will and contestant appealed.

The sole contention on appeal is that the court erred in giving defendants' Instruction No. 2.

The instruction reads as follows:

"The court instructs the jury that the words 'sound and disposing mind and memory' as used in these instructions, mean the ability to know and comprehend what one is doing and the general nature and extent of one's property and the persons who reasonably come within the range of his bounty; and therefore, if the jury believe

and find from the evidence that G. M. Stephens, signed the paper read in evidence as his last will, and that at the time of doing so he had sufficient mind and memory to know that he was disposing of his property by will, to whom he was giving it, and who came reasonably within the range of his bounty, and the general value, nature, and character of his property, without the aid of any other person, then he was of sound and disposing mind and memory; but by this is not meant the testator must, at the time of execution of the will, be able without aid or assistance to recall each item of his property, or the governmental description of each tract and parcel of land which he may own; but in that respect it is only required that he have a general independent, individual knowledge of these matters. *And in this connection you are further instructed that old age, physical weakness or imperfect memory caused by sickness or old age, or forgetfulness of the names of persons he has known, will not be sufficient to establish incompetency or to invalidate the will, provided you find that the deceased had sufficient intelligence to fulfill the above definitions."* (Italics ours.)

Whether or not this instruction correctly defines "sound and disposing mind and memory" we are not called upon to determine. Both parties assume that it does and we will so treat it. The only complaint made against the instruction is that the part thereof which we have italicized is misleading, argumentative and a comment on the evidence.

In answer to the complaint made against this instruction respondents say that the instruction was taken from Andrew v. Linebaugh, 260 Mo. 623, 169 S. W. 135, where it was approved by this court. An instruction in all respects similar to the one at bar was under review in the Andrew case. That case was decided by Division One of this court in an opinion by Woodson, J., in which all of the judges of that division concurred in the result only. An examination of the opinion in the Andrew case will show that the objection made to the instruction in the case at bar was neither raised, considered nor determined in the Andrew case. Besides the concurrence in the opinion was in the result only. We do not regard the opinion in the Andrew case as an authoritative approval of the instruction.

The instruction under review first defines "sound and disposing mind and memory" then tells the jury that old age, physical weakness or imperfect memory caused by sickness or old age, or forgetfulness of the names of persons he has known, will not be sufficient to establish incompetency or to invalidate the will, provided the jury find that deceased had sufficient intelligence to fulfill the definition of a "sound mind" as defined in other parts of the instruction. Such an instruction is clearly argumentative and a comment on the evidence. Besides it is misleading in that it is calculated to cause the jury to believe that it could not consider old age,

physical weakness, imperfect memory, sickness, etc., in determining whether or not deceased had a "sound and disposing mind and memory" as defined in other parts of the instruction. At least the instruction was calculated to minimize the effect of plaintiff's evidence. Similar instructions have been condemned by this court en banc for the same reasons which now prompt us to hold the instruction in the instant case prejudicially erroneous. In Post v. Bailey, 254 S. W. 71, 74, this court en banc said:

"This is a correct statement of an abstract rule of law. As embodied in the instruction, however, its effect was to minimize, if not wholly destroy, the effect of plaintiff's evidence. The issue as submitted under plaintiff's principal instruction was whether the testator 'had sufficient understanding to comprehend the nature of the transaction that he was engaged in, the value and extent of his property, the number and names of the person who were the natural objects of his bounty, and their deserts with reference to their conduct and treatment of him, and had active mind and memory enough to retain all such facts in his mind without the aid of others.' Now practically all the evidence offered by plaintiff for the purpose of showing that the testator did not have such a mind and memory dealt in some way with his 'old age, physical weakness, or imperfect memory caused by sickness or old age,' etc. Yet the court told the jury in effect that all of these things signified nothing."

The same ruling was made in a banc opinion in Hartman v. Hartman, 314 Mo. 305, 284 S. W. 488.

Respondents contend that the verdict and judgment was for the right party and for that reason the case should not be reversed even though the court should hold the instruction to be erroneous.

Respondents, defendants below, did not seek to withdraw the issue of mental incapacity from the jury, but voluntarily requested instructions submitting that question to the jury, thereby conceding that the evidence touching that question was substantial, and made that issue one of fact to be determined by the jury. The rule invoked can have no application where, as here, the instruction assailed was calculated to minimize, if not destroy, the effect of plaintiff's evidence on the vital and only issue submitted to the jury.

For the error in defendants' Instruction No. 2 the judgment should be reversed and cause remanded. It is so ordered. All concur, except *Hays, J.*, absent.