BARBARA MUELLER, Appellant, v. CLARA T. SCHIEN, Doing Business as SCHIEN TRUCK LINES.—No. 38637.—176 S. W. (2d) 449.

Division One, December 6, 1943.

Rehearing Denied, January 3, 1944.

*Roberts P. Elam* and *Frank W. Hayes* for appellant.

182

*Montgomery, Martin & Salveter* and *W. M. Ilgenfritz* for respondent.

DALTON, C.—Action to recover $15,000 damages for personal injuries alleged to have been sustained on account of the negligence of defendant. Verdict and judgment were for defendant and plaintiff has appealed. We have jurisdiction of the appeal because the amount in dispute exceeds $7500. Burke v. Pappas, 316 Mo. 1235, 293 S. W. 142, 144.

Plaintiff was injured when the automobile in which she was riding collided with an automobile traveling in the opposite direction on the same highway. The approaching automobile first collided with defendant's truck (which was traveling in the same direction and in front of the automobile in which plaintiff was riding) and, thereafter, struck the automobile in which plaintiff was riding. All vehicles were moving at a speed of from 35 to 40 miles per hour at the time of the collisions.

The only errors assigned involve instructions given at defendant's request and, accordingly, it will be unnecessary to set out the facts further than to say that plaintiff's evidence tended to show that defendant's truck (a trailer-tractor combination) had been swerving gradually from the south shoulder of the highway to the north side of the highway and back again as it proceeded eastwardly

in front of the automobile in which plaintiff was riding; and that the truck, when it was about 40 feet from the approaching automobile, swerved to the left, over the black line three or four feet into the path of the approaching automobile, and then turned back slightly, so that the approaching automobile struck the trailer ("sideswiped" it) and then struck the automobile, which was following behind the trailer, and injured the plaintiff.

Defendant's evidence tended to show that defendant's truck was proceeding eastwardly on the south side of the highway, on the right hand side of the center line of the pavement; and that the approaching automobile, when it was 30 to 35 feet from the truck, suddenly turned to its left and "tapered right into" the south side of the highway, striking the left front bumper of defendant's tractor, "sideswiping" the tractor and trailer, sliding down the side of the trailer, and then colliding with the automobile in which plaintiff was riding. There was further evidence that the side of the truck (tractor and trailer) was 18 inches south of the center line of the highway when the collision occurred; and that the colliding automobile left a black skid mark on the south side of the pavement 18 inches south of the center line of the highway, commencing where the collision occurred, later turning further to the south, and extending along the pavement for over 100 feet to the point where the witnesses said the automobile in which plaintiff was riding was upset. Pictures were in evidence purporting to show the skid mark on the highway, the collision marks on the tractor and trailer, and the damaged left front wheel and fenders of the automobile that collided with it.

A sharp issue of fact was presented whether defendant's truck swerved to the north side of the center line of the highway and collided with the approaching automobile, or whether the approaching automobile swerved to the south side of the highway and there collided with defendant's truck (tractor-trailer). The negligence submitted by plaintiff's principal instruction was whether defendant's truck driver "failed and omitted to turn said truck to the right of the center of the highway so as to pass without interference, and failed and omitted to keep said truck as close to the right hand side of the highway as practicable, and that in so failing . . . failed to exercise the highest degree of care and was guilty of negligence."

Appellant (plaintiff) assigns error on the giving of defendant's instructions A, B, C, D, and F. In view of the matters complained of, it will be necessary to set out instructions A, B, C, and D.

### Instruction A.

"The court instructs the jury that the fact that plaintiff was injured is, in itself, no evidence of any negligence on the part of the defendant; but, on the contrary, the plaintiff must, by all the facts and circumstances introduced in evidence, show that the defendant's

truck driver, John Pangburn, was guilty of negligence by a preponderance or greater weight of the credible evidence.

"Therefore, under no circumstances can you render a verdict against the defendant unless you first find and believe from the evidence that the plaintiff was injured by reason of the negligence, if any, of the defendant's truck driver, John Pangburn, as the term 'negligence' is defined in other instructions herein."

### Instruction B.

"The court instructs the jury that the burden is on the plaintiff to prove to your satisfaction by the preponderance of the greater weight of the credible testimony that the defendant was guilty of negligence as defined in these instructions, and this burden of proof continues and abides with the plaintiff throughout the entire trial; and unless you find and believe from the evidence in the case that the plaintiff has proved to your satisfaction by a preponderance of the credible testimony that the defendant was guilty of negligence, as defined in these instructions, and that such negligence, if any, was a direct and proximate cause of the injuries complained of, then your verdict must be for the defendant.

"If, therefore, you find the greater weight of all the credible testimony is not with the plaintiff, or that all the credible testimony is evenly balanced as to weight, then in either of such events the plaintiff cannot recover and your verdict must be for the defendant."

### Instruction C.

"The court instructs the jury that even though you may find and believe from the evidence that the plaintiff was injured at the time and place mentioned in evidence, yet this fact does not entitle the plaintiff to recover against the defendant unless you further find and believe from the greater weight of all the credible evidence in the case that the defendant's driver, John Pangburn, was guilty of negligence which directly contributed to cause plaintiff's injuries, as elsewhere defined in these instructions.·

"Therefore, if you find and believe from the evidence that the plaintiff's driver, John Pangburn, was not guilty of any negligence as elsewhere defined in these instructions, then you will find the issues against the plaintiff and in favor of the defendant Clara T. Schien."

### Instruction D.

"The court instructs the jury that you are not permitted to guess or conjecture on a theory of liability in order to hold the defendant liable in damages in this case and you should reckon solely and only with the evidence in the case, considering, too, the physical facts, if any, relative to the issue of negligence as defined in other instructions herein.

"Therefore, if the physical facts as shown by the evidence in this case, and your common observation and experience, are in conflict with and contrary to the testimony of any witness in this case, then you

may take into consideration such physical facts and common observation and experience and disregard the testimony of any witness which is in conflict therewith or contrary thereto.''

It is commonplace that ''instructions to juries must be read and construed together and, as a whole, as stating the law for the guidance of the jury. They must not be conflicting, but may be supplementary to or explanatory of each other.'' Scott v. First National Bank in St. Louis (en banc), 343 Mo. 77, 119 S. W. (2d) 929, 939. When all the instructions, construed together, harmonize and clearly and specifically require the finding of all essential elements any indefinite, ambiguous and misleading language in a particular instruction is cured. Larey v. Missouri, Kansas & Texas R. Co., 333 Mo. 949, 64 S. W. (2d) 681, 684; Schroeder v. Rawlings, 348 Mo. 824, 155 S. W. (2d) 189, 191; 1 Raymond Missouri Instructions, p. 183, Sec. 209. The same rule applies to single instructions. ''A single instruction must be considered in its entirety and not just a part thereof. The meaning should be gathered from the instruction as a whole and not as to the effect of a particular phrase alone. An instruction should not be condemned by picking out isolated words, sentences, or paragraphs, but the instruction should be read as a whole.'' 1 Raymond Missouri Instructions, p. 182, Sec. 208; Rishel v. Kansas City Public Service Co. (Mo. Sup.), 129 S. W. (2d) 851, 856; Mendenhall v. Neyer, 347 Mo. 881, 149 S. W. (2d) 366, 371.

Directing attention to the second clause of the first paragraph of defendant's instruction A, and particularly to the word ''all,'' appellant contends that this instruction ''exacted of plaintiff a higher degree of proof than the law required, and was tantamount to an instruction directing a verdict for the defendant, . . . because plaintiff could not possibly have sustained the burden placed upon her by this instruction,'' particularly, since the court told the jury that ''the fact of plaintiff's injury was no evidence of defendant's negligence.'' Appellant further insists that said second clause of the first paragraph of instruction A is ''conflicting in itself''; and that it is ''in direct conflict with plaintiff's instruction number 1, which properly defined the degree of care required of plaintiff.''

Appellant relies on Nelson v. Evans, 338 Mo. 991, 93 S. W. (2d) 691; Wright v. Quattrochi, 330 Mo. 173, 49 S. W. (2d) 3; and Gillette v. Laederich (Mo. App.), 242 S. W. 112. In the Nelson case this court affirmed an order of the trial court granting a new trial to plaintiff on account of defendant's burden of proof instruction, which directed a verdict for defendant if ''the truth as to the charge of negligence as against the defendant *remains undetermined in your minds.*'' In the Wright case the court said of an instruction complained of by appellant that ''Upon a retrial the instruction will be improved if, instead of 'all the evidence,' it mentions 'the greater weight of the evidence,' and if it defines the phrase in the accepted form.'' In the

Gillette case the Kansas City Court of Appeals affirmed an order of the trial court granting a new trial on account of an instruction erroneously defining the words "the greater weight of credible evidence in the case," and resulting in ambiguity when the instructions were read together. It will be noticed that two of these cases involved appeals from orders granting a new trial. To warrant a reversal of an order granting a new trial, it must clearly appear that no error occurred that may possibly have been prejudicial to the party who applied for the new trial, and this court may properly affirm such orders for errors that would probably not have been regarded as sufficient here to secure a reversal had the motion for new trial been overruled. Ittner v. Hughes, 133 Mo. 679, 692, 34 S. W. 1110; Bunyan v. Citizens' Ry. Co., 127 Mo. 12, 22, 29 S. W. 842; Arnold v. Alton Railroad Co., 343 Mo. 1049, 1055, 124 S. W. (2d) 1092; Wolfson v. Cohen (Mo. Sup.), 55 S. W. (2d) 677, 681; Tappmeyer v. Ryckoff (Mo. App.), 45 S. W. (2d) 890.

Instruction "A" states that "the plaintiff must . . . show that the defendant's truck driver . . . was guilty of negligence by the preponderance or greater weight of the credible evidence," but it also, in the same sentence, says in effect that plaintiff must show such negligence "by all the facts and circumstances introduced in evidence." These statements are not synonymous, but conflicting, and the result is ambiguity. One can not determine from the sentence exactly what was intended. Had the trial court granted a new trial on account of this instruction, we would be inclined to affirm the order. In such case, we could assume that the court found the ambiguity prejudicial to plaintiff and we would not disturb the ruling. Licklider v. Domian (Mo. App.), 96 S. W. (2d) 641, 643. But here the trial court overruled plaintiff's motion for a new trial and we are precluded from reversing the judgment unless we "shall believe that error was committed . . . against the appellant . . . and materially affecting the merits of the action." Sec. 1228 R. S. 1939, Mo. R. S. A., Sec. 1228; Sec. 973 R. S. 1939, Mo. R. S. A., Sec. 973; State ex rel. Chicago, R. I. & P. Ry. Co. v. Shain, 338 Mo. 217, 89 S. W. (2d) 654; 1 Raymond Missouri Instruction, p. 190, Sec. 215. The burden, therefore, rests upon appellant to establish reversible error in the giving of the instruction complained of. State ex rel. Chicago, R. I. & P. Ry. Co. v. Shain, 338 Mo. 217, 89 S. W. (2d) 654, 656.

An instruction which clearly casts upon the plaintiff a greater burden on the question of proof than the law requires is erroneous. Sheehan v. Terminal Railroad Association of St. Louis, 336 Mo. 709, 81 S. W. (2d) 305, 308. While instruction A, standing alone, was ambiguous and should not have been given, yet, unless the circumstances are such that there is a reasonable probability that the jury was misled to the prejudice of appellant, the giving of the instruction was not reversible error. Tranbarger v. C. & A. R. Co., 250 Mo. 46,

58, 156 S. W. 694. Plaintiff's instruction 1 directed a verdict for plaintiff if the jury found and believed "from the preponderance or greater weight of the credible evidence that . . ." particular hypothesized facts were true. Instruction "B" uses the words, "by the preponderance of the greater weight of the credible testimony." Instruction "C" uses the words "from the greater weight of all the credible evidence in the case." Instruction "D" deals with conflicts between testimony and physical facts and "E" directs the jury concerning the weight and value of the testimony and the credibility of the witnesses. Whether instruction "A" was misleading depends upon how it would be understood by a jury composed of ordinarily intelligent laymen when read in connection with all of the other instructions in the case. Lewis v. Zagata, 350 Mo. 446, 166 S. W. (2d) 541, 545. Jurors should be credited with common sense and discernment. Wilday v. Missouri, Kansas, & Texas R. Co., 347 Mo. 275, 147 S. W. (2d) 431, 434; Rishel v. Kansas City Public Service Co., supra. We do not believe that any reasonable person of ordinary intelligence, after the reading of all of the instructions as a single charge, could have been misled into requiring of plaintiff a higher degree of proof than the law required, or have reached the conclusion that the plaintiff literally had to prove her case by *all* of the facts and circumstances introduced in evidence. When all of the instructions are read together, it is not reasonably possible that appellant was prejudiced because of this portion of the instruction. Conroy v. St. Joseph Ry. Light, Heat & Power Co., 345 Mo. 592, 596, 134 S. W. (2d) 93; See, Doebbeling v. Hall, 310 Mo. 204, 225, 274 S. W. 1049.

Appellant further insists that instruction A is erroneous for other reasons. Our attention is directed to the first clause concerning the fact of injury and appellant says that it is "an unnecessary and improper comment on the evidence." Appellant also says that the instruction considered as a whole is "highly argumentative in form" and that the trial court used "verbal gestures," to wit, such expressions as "but on ▆▆ the contrary" and "under no circumstances" to make the form argumentative. There is no suggestion that the evidence concerning plaintiff's injuries, or the mere fact that she was injured under the circumstances shown in the evidence, had any tendency to prove that defendant was negligent in the manner charged in the petition and submitted by the instructions. Sharp v. City of Carthage, 319 Mo. 1028, 5 S. W. (2d) 6, 8. The direction to the jury that the fact of injury was no evidence of negligence was not a comment on the evidence and did not make the instruction erroneous. Lewis v. Zagata, supra; Dove v. Atchison, T. & S. F. Ry. Co., 349 Mo. 798, 163 S. W. (2d) 548, 552; Gardner v. Turk, 343 Mo. 899, 123 S. W. (2d) 158, 161. Nor do we think the instruction prejudicially argumentative. Gardner v. Turk, supra. Appellant cites Fowlkes v. Stephens, 342 Mo. 247, 114 S. W. (2d) 997, where an instruction in a

will case was held to be argumentative, a comment on the evidence, misleading and, therefore, prejudicial. The instruction there criticised is so unlike the one here as to make that decision inapplicable.

■ Appellant contends that the giving of instruction B, supra, was error prejudicial to plaintiff. It is contended that the words "to the satisfaction" of the jury, exacted of plaintiff a higher degree of proof than the law required; that they required proof "beyond doubt and to a certainty"; and that the instruction conflicts with the burden of proof part of plaintiff's instruction No. 1. It will be noticed that the words "to your satisfaction" appear twice in the first paragraph of instruction "B", but not in the last paragraph of said instruction and not in instruction "C", or instruction "A", which must be read and considered with instruction "B". Appellant cites Nelson v. Evans, supra, (where the trial court had sustained a motion for a new trial); Krause v. Spurgeon (Mo. App.), 256 S. W. 1072 (where the instruction condemned on that ground was otherwise prejudicially erroneous); Seago v. New York Central R. Co., 349 Mo. 1249, 164 S. W. (2d) 336 (where an assignment against instruction 4, containing the words "to your satisfaction," was not specifically ruled, but was fully discussed); and cases from other jurisdictions. The discussion in the Seago case need not be repeated here. While the instruction is not approved, we do not believe that the use of the criticised words in instruction "B", under the circumstances of this case and in connection with the other instructions could have misled the jury to appellant's prejudice.

■ Appellant contends that "the giving of instruction 'C', supra, was error prejudicial to plaintiff for the reason that the first clause of that instruction constituted an undue and improper comment upon the evidence relating to the fact of plaintiff's injury." The criticised part of this instruction is somewhat similar to the first part of instruction "A". The objection to it must be overruled for the reason there stated and for the further reason that this part of the instruction was in its nature cautionary and, therefore, within the discretion of the trial court. Dove v. Atchison, T. & S. Ry. Co., supra; Gardner v. Turk, supra.

■ Appellant contends that "the giving of instructions A. B. & C., collectively, was error prejudicial to plaintiff for the reason that those instructions were not only erroneous for the reasons heretofore assigned, but they abounded with repetition of, and unduly emphasized, the law relating to burden of proof" and further that they were misleading and confusing. The matter of repetition or elaboration of the same proposition in instructions is generally considered to be within the discretion of the trial court and not to be reversible error where not considered so by the trial court. Wells v. City of Jefferson, 345 Mo. 239, 132 S. W. (2d) 1006, 1009. Furthermore, mere repetition in instructions does not ordinarily constitute a ground for reversal.

Rath v. Knight (Mo. Sup.), 55 S. W. (2d) 682, 684; Hulsey v. Tower Grove Quarry & Construction Co., 326 Mo. 194, 30 S. W. (2d) 1018, 1028. But the real question here is whether the repetitions and emphasis were such as to confuse and mislead the jury. Appellant cites Flint v. Lowe's St. Louis Realty & Amusement Co., 344 Mo. 310, 126 S. W. (2d) 193, 196; Rouchene v. Gamble Const. Co., 338 Mo. 123, 89 S. W. (2d) 58; Wolfson v. Cohen, supra; Oliver v. Morgan (Mo. Sup.), 73 S. W. (2d) 993; Carson v. Evans, 351 Mo. 376, 173 S. W. (2d) 30, 33; Miller v. Williams (Mo. Sup.), 76 S. W. (2d) 355; and Fantroy v. Schirmer (Mo. App.), 296 S. W. 235. In only two of these cases were objections to instructions sustained and that in connection with other reversible errors. While it may be that the same directions might have been given in less compass, yet it is not reversible error to cover the same point in separate, but differently worded, ▮ instructions. Mayes v. Mayes (Mo. Sup.), 235 S. W. 100, 107. The giving of repetitious instructions will not constitute reversible error unless it plainly appears that they were in fact calculated to confuse and mislead. Harrison v. Bence (Mo. Sup.), 270 S. W. 363, 364. We are of the opinion that the repetitions complained of in these instructions were not such as to mislead or confuse the jury; and that the giving of the instructions was not an abuse of the court's discretion.

▮ Appellant complains that instruction "D", was "highly misleading and confusing," and that it permitted the jurors to utterly *disregard* the testimony of any witness which might be in conflict with their common observation and experience, and that it gave them a roving commission to substitute for such evidence their own *individual observation* and *experience* as a basis for a verdict. Appellant cites Evans v. Klusmeyer, 301 Mo. 352, 256 S. W. 1036 (where jurors had visited the scene where plaintiff was injured for the purpose of gathering facts, other than those in evidence, upon which to base their verdict); State v. Willard, 346 Mo. 773, 142 S. W. (2d) 1046, 1051 (where the use of the word "disregard" in lieu of the word "reject" was discussed at length, but the instruction using the word *disregard* was not held to be prejudicial error); and Schmitt v. St. Louis Transit Co., 115 Mo. App. 445, 90 S. W. 421 (where it was contended that the physical facts showed as a matter of law that "the accident could not have happened in the manner plaintiff testified"; and that the court erred in refusing an instruction "that if the jury found that the physical facts conflicted, with the oral testimony, the finding should be in accordance with the former.") The instruction is not set out, but the court said that in so far as it was proper it was covered by other given instructions. Appellant says the jury was to be guided by the evidence introduced and not by "what the jurors might have known about the facts of this case." Appellant construes the instruction as authorizing the jury to ignore *all* or *any part* of any witness' testimony. There is no suggestion here that the jurors knew

any facts about the case, except from the evidence presented at the trial, and the instruction only authorized the rejection of the testimony found to be in conflict with the physical facts. If the jury believed that the pictures correctly showed the mark on the pavement and the physical condition of the truck, trailer, and automobiles after the collision and that the mark and the damaged conditions shown on the motor vehicles resulted from the collision as testified to by defendant's witness, then these physical facts tended to disprove much of the testimony of appellant's witnesses concerning the circumstances attending the collision and injury.

We think the instruction would be understood as authorizing the jury to disregard, in the sense of rejecting, only that part of any witness' testimony they found to be in conflict with the physical facts as they ascertained them to be. We do not believe the instruction to be misleading or confusing, nor do we consider it as giving a roving commission to the juror to disregard the evidence and reach a verdict on what they "might have known about the facts in the case." The criticised portion of the instruction has been approved. Bryant v. Kansas City Railways Co., 286 Mo. 342; 228 S. W. 472, 474; Denkman v. Prudential Fixture Co. (Mo. Sup.), 289 S. W. 591, 595. See, also, Leister v. Wells, 300 Mo. 262, 254 S. W. 75, 78; Ogilvie v. Kansas City Public Service Co. (Mo. App.), 27 S. W. (2d) 733, 735.

Appellant contends that instruction "F" is prejudicially erroneous and misleading because it assumed a fact in controversy "respecting the issue of negligence vel non of a third party upon whom the defendant seeks to cast sole responsibility for plaintiff's injury." She contends the instruction assumes either that the acts of Tucker (the driver of the westbound automobile) in swerving to the south "constituted negligence, . . . without requiring a finding that the acts were negligently done," or it assumes that the "acts of Tucker were done, and requires only a finding of fact that such acts were carelessly and negligently done, without first requiring a finding that such acts were done." Appellant says she was entitled to have the jury determine (1) whether the acts were committed and (2) whether the acts, if committed, constituted negligence. Of course, an instruction should not assume a fact in controversy (Kirkham v. Jenkins Music Co., 340 Mo. 911, 104 S. W. (2d) 234, 237) and, if it does so, it is erroneous (McCombs v. Ellsberry, 337 Mo. 491, 85 S. W. (2d) 135, 139) and, if erroneous, it is prejudicial, unless the contrary clearly appears. Middleton v. Kansas City Public Service Co., 348 Mo. 107, 152 S. W. ▮ (2d) 154, 158. But the instruction did not assume a fact in controversy, because by requiring the jury to find "that immediately prior to the time of collision of the Schien and Tucker motor vehicles the witness Tucker negligently and carelessly permitted his motor vehicle to swerve to the south and to cross the center line of the highway and to collide with the Schien motor ve-

hicle,'' the instruction required the jury to find both that Tucker committed the acts and that he did so negligently. An instruction which requires the jury to find the defendant negligently did the acts does not assume negligence. Wenzel v. Busch (Mo. Sup.), 259 S. W. 767, 770; Kirk v. Kansas City Terminal Railway Co. (Mo. App.), 27 S. W. (2d) 739, 745. The instruction does not assume the existence of the facts hypothesized therein. Warren v. Giudici, 330 Mo. 483, 50 S. W. (2d) 634, 636; Smith v. Wells, 326 Mo. 525, 31 S. W. (2d) 1014, 1023. The instruction had previously required a finding that the Schien truck was south of the center line of the highway.

Finding no reversible error in the record, the judgment is affirmed. *Bradley* and *Van Osdol*, *CC.*, concur.

PER CURIAM:—The foregoing opinion by DALTON, C., is adopted as the opinion of the court. All the judges concur.