260 S.W.2d 248 (1953)
EZELL
v.
KANSAS CITY.
No. 43248.
Supreme Court of Missouri, Division No. 1.
July 13, 1953.
*249 Morris Dubiner, Robert E. Gregg, Thomas E. Hudson, Hudson, Whitcraft & Cavanaugh, Kansas City, for appellant.
David M. Proctor, City Counselor, John J. Cosgrove, Associate City Counselor, Kansas City, for respondent.
VAN OSDOL, Commissioner.
This is an appeal from a judgment upon verdict for defendant in an action for $10,000 damages for personal injuries allegedly sustained by plaintiff when the right front wheel of an automobile in which plaintiff was riding and which was being driven by plaintiff's husband went into a hole or opening in the surface of Myrtle Avenue, a public street in Kansas City.
Herein plaintiff-appellant complains of Instructions Nos. 8 and 9, given by the trial court at the instance of defendant City.
Defendant-respondent, City of Kansis City, has moved to dismiss the appeal on the asserted ground that appellant's brief fails to comply with Supreme Court Rule 1.08. Although the motion to dismiss is correct in stating appellant's violation of the Rule, we have examined the case on the merits and have come to the conclusion there was prejudicial error in instructing the jury. In this case, therefore, we will not dismiss the appeal. But we are not intending to depreciate the importance of Rule 1.08, and reference is made to Ambrose v. M. F. A. Cooperative Ass'n of St. Elizabeth,___ S.W.2d ___, decided by Division Number One, July 13, 1953, for a discussion of the reasons compliance with the Rule is so important, and of so much value to the parties litigant and to an appellate court. And it must be noted that this court in the Ambrose case has warned that dismissal of appeals may become necessary in order to obtain compliance with the Rule.
Plaintiff, in stating her claim, alleged that she was a passenger in an automobile operated by her husband in a southerly direction on Myrtle Avenue; and that the automobile "dropped into a large hole, and opening located in said street * * *." Plaintiff alleged and the trial court submitted that defendant negligently caused and permitted the hole to be in the street whereby the street became and was in a dangerous and hazardous condition for travel. Defendant City by answer alleged contributory negligence of plaintiff "in failing to use plaintiff's eyes and senses in the selection of the course plaintiff was pursuing, and * * * in failing to use plaintiff's eyes and senses in the use of said course."
There was evidence tending to show that the pavement near the west curb of Myrtle Avenue, between Fifteenth and Sixteenth Streets, was opened in late January, 1949, by employees of City's water department. The area of the opening was "about three to four feet from east to west and around two feet north and south." Water was "leaking there beforehand." The earth beneath the opening was excavated to a depth of approximately three feet. At the time, water service was renewed and the hole was "backfilled." An order to repair and repave "the cut" was issued by City's public works department February 2, 1949. This work was completed February 28, 1949. But plaintiff had been injured February 18th. As stated, plaintiff was riding in an automobile driven by her husband southwardly along the west side of Myrtle Avenue and was injured when the right front wheel of the automobile dropped into the "backfilled" hole.
*250 When the hole was backfilled, January 29th, it was "filled in with just loose dirt." It was just "that old mud that came out of there. * * * Well, you see, after the hole was frozen over, it looked just like it was an ordinary street. But it was not concreted." It was just "mud and water down in there, filling, that is what made it cave." Plaintiff resided close by and knew there had been an excavation which had been refilled. The "hole didn't have the same thing on top of it that the street had.
* * * What they filled it with, I don't know." Plaintiff had passed over the place in an automobile two or three days before she was injured. It appeared "reasonably safe." Plaintiff said, "The only thing that I can say that happened, we were driving along and a part of the street collapsed."
Instruction No. 8 told the jury "that if you find and believe from the evidence that plaintiff at the time and place in question knew, or by the exercise of ordinary care could have known of the condition complained of in the street described in evidence in time to have warned her husband of its existence so that he could have stopped said automobile or altered the course thereof and thereby have avoided striking said hole, by the exercise of the highest degree of care, but plaintiff negligently failed to do so and was injured by reason of such failure, if any, then your verdict must be for the defendant * * *."
Instruction No. 9 was as follows, "You are instructed that if you find and believe from the evidence that the hole mentioned in evidence had been filled in before the events transpiring on the evening of February 18, 1949, described in evidence and that the accident described in evidence was caused by a cave-in of the filling of said hole, when the automobile was driven thereon, then your verdict must be for the defendant * * *."
While negligence, if so, of plaintiff's husband in operating the automobile over the opening in the surface of the street was not to be imputed to plaintiff, yet plaintiff was obliged to exercise ordinary care for her own safety, and, if negligent, was barred from recovery by her own negligence directly contributing to her injury. "When dangers, which are either reasonably manifest or known to an invited guest, confront the driver of a vehicle, and the guest has an adequate and proper opportunity to control or influence the situation for safety, if he sits by without warning or protest and permits himself to be driven carelessly to his injury, this is negligence which will bar recovery." Berry, Law of Automobiles, 7th Ed., § 5.172, pp. 260-261, cited and quoted in Kaley v. Huntley, 333 Mo. 771, 63 S.W.2d 21, and in Cheatham v. Chartrau, 237 Mo. App. 793, 176 S.W.2d 865. See also Warren v. Giudici, 330 Mo. 483, 50 S.W.2d 634; Boland v. St. Louis-San Francisco R. Co., Mo.Sup., 284 S.W. 141; Corn v. Kansas City, C. C. & St. J. R. Co., Mo. Sup., 228 S.W. 78.
It is doubtful that sufficient evidence was introduced of the appearance of the refilled opening or hole in the street's surface from which the jury could find that plaintiff knew or in the exercise of ordinary care could have known that the street would likely "cave in" or "collapse" at that point; otherwise expressed, it is doubtful there was substantial evidence tending to show that it could have been ascertained, by one in the exercise of ordinary care, that the refilled hole was dangerous. Evidence was introduced showing the refilled earth was approximately even with the surface of the pavement and, although the refilled hole was not concreted, it looked like "an ordinary street." It is difficult to see from the evidence just what physical aspect of the filled-in place made its dangerous condition apparent, or how plaintiff in the exercise of due care could have seen that the filled-in place was dangerous for motor-vehicular travel. But if it be assumed there was substantial evidence supporting a finding that plaintiff knew or, in the exercise of ordinary care, could have known the hole was dangerous, nevertheless the Instruction, No. 8, was prejudicially erroneous, in this case, in that it submitted that plaintiff had actual or constructive knowledge "of the condition complained of" but did not submit that plaintiff *251 had actual or constructive knowledge that the condition complained of was dangerous. Jones v. Kansas City, Mo.Sup., 243 S.W.2d 318, and authorities therein cited.
Attending now Instruction No. 9as we have seen, the evidence showed that the hole in the street had been "filled in" before the plaintiff was injured on February 18th, and that the filled-in substance or dirt or mud "caved in" on that date when the husband's "automobile was driven thereon." Therefore, under the evidence introduced, Instruction No. 9 directed a verdict for defendant. But, under the evidence, the inference was permissible that the hole was not carefully filled. It could have been reasonably inferred that the dirt or mud with which the hole was "filled in" was not firmly or solidly packed and that, although the surface of the refill was apparently solid and was approximately level with the pavement of the street, the refill was such that it "collapsed" or "caved in" when the plaintiff's husband drove the automobile over or onto the surface of the filled-in hole.
Defendant-respondent has made much of the plaintiff's testimony given by deposition and again from the witness stand at the trial to the effect that "it wasn't a hole" at the time she was injured, that "they (the City) had fixed it and put this stuff over it." Defendant-respondent says that plaintiff's case was stated (and submitted, although by an erroneous instruction, see Guy v. Kansas City, Mo.Sup., 257 S.W.2d 665) as upon negligence in failing to keep its streets in a reasonably safe condition for travel, specifically in causing and permitting a hole to be in the street; and that plaintiff had testified and introduced other evidence tending to show that no hole existedthat the hole had been refilled; but, defendant-respondent further says, plaintiff did not charge or request the trial court to submit negligence in refilling the hole. Defendant argues that, consequently, it is not liable in this case, and insists that Instruction No. 9 was correct in hypothesizing facts shown by the evidence under which defendant could not be guilty of the negligence charged. This argument amounts to a "play" upon the meaning of the word "hole." It calls for the conclusion that a "hole" in the street as alleged is not a "hole" within the allegation, when refilledhowever carelessly or negligentlywith loose dirt or mud. It is true the "hole" when refilled by mud or loose dirt was not a "hole" in the sense of an open aperture readily to be seen from the surface of the street, but it was a "hole" in the sense that it was a hollow in the otherwise firm substance of the street which was filled with the softer substance of unpacked dirt or mud. See Webster's New International Dictionary, 2d Ed., page 1189. The latter kind of hole was the kind of hole which (there was evidence tending to show) existed in the instant case, the refill of which yielded, "collapsed" or "caved in" under the weight of the automobile in which plaintiff was riding. Negligently causing or permitting such a hole to be in the street would be negligence in failing to maintain the street in a reasonably safe condition. We have no hesitancy in saying the evidence that such a hole existed was not objectionable as being at material variance with the allegations of the petition, and such proof was to be considered, not as a defense, but as supporting the specific negligence as charged, especially in this case wherein the record shows that defendant was not misled but was apprised prior to trial of the kind of hole the evidence would tend to show.
We are of the opinion Instruction No. 9 was prejudicially erroneous in directing a verdict for defendant City upon the mere hypotheses that the hole "had been filled in," and that the accident was caused by a "cave-in of the filling of said hole."
The judgment should be reversed, and the cause remanded.
It is so ordered.
LOZIER and COIL, C.C., concur.
PER CURIAM.
The foregoing opinion by VAN OSDOL, C., is adopted as the opinion of the court.
*252 HYDE, P. J., and HOLLINGSWORTH and DALTON, JJ., concur.
CONKLING, J., dissents in separate opinion filed.
CONKLING, Judge.
I respectfully dissent from the conclusion of the principal opinion that we should consider and should rule the merits of this appeal. I would sustain the respondent's motion to dismiss the appeal for the violation of our Rule 1.08.
My reasons therefor sufficiently appear in the principal opinion of Judge HYDE, and in my dissenting opinion, both filed in the case of Ambrose v. M. F. A. Cooperative Ass'n of St. Elizabeth, ___ S.W.2d ___.