Laura LEWIS, Appellant,

v.

Prather WILLINGHAM, Defendant,

Dyersburg Production Credit Association, Interpleader, Respondent.

No. 7322.

Springfield Court of Appeals.

Missouri.

Jan. 20, 1955.

Claude F. Cooper, Blytheville, Ark., for appellant.

Edward F. Sharp, New Madrid, Hal Holmes, Trenton, Tenn., for respondent.

McDOWELL, Presiding Judge.

This appeal is from a judgment rendered in the Circuit Court of New Madrid County, Missouri, in favor of Dyersburg Production Credit Association, a corporation, interpleader in plaintiff's attachment suit, awarding interpleader possession of two self-propelled combines.

April 18, 1951, Laura Lewis, plaintiff, filed an action in attachment against defendant, H. P. Willingham, in the Circuit Court of New Madrid County, Missouri, and attached two self-propelled combines in said county as the property of defendant.

Plaintiff's petition was based upon a promissory note for $2,500 dated January 24, 1950, and due September 24, 1950. The note was executed by Farm Services, Inc., in Blytheville, Arkansas, payable to the First National Bank in Blytheville, endorsed by plaintiff, and secured by a chattel mortgage on certain farm machinery. It alleged that defendant, for value, acquired the assets described in the chattel mortgage and assumed payment of the note; that the First National Bank for value received endorsed and transferred the note to plaintiff;

that the same is due and unpaid and that the petition asks judgment for the amount of the note plus interest from date. Defendant defaulted.

Dyersburg Production Credit Association, a corporation, organized under the Farm Credit Act of 1933, as amended, 12 U.S.C.A. § 1131 et seq., filed an amended interplea for the attached property in plaintiff's action. It alleged that under the writ of attachment, issued in plaintiff's suit, the sheriff levied upon two Massey Harris Super 27 self-propelled combines (describing each combine); that the property and effects are not the property of the defendant; that the defendant's interest in said property is subject to interpleader's rights under a title retaining note and a chattel mortgage thereon duly filed for record in Lake County, Tennessee; that the interpleader is entitled to immediate possession of said property, its note being past due and wholly unpaid and said property being now the property of the interpleader herein.

That by section 7286 of the Code of Tennessee of 1932, which is officially designated as the "Code of Tennessee", of the statutes of Tennessee, which law was in force and unrepealed at the times hereinafter stated, it is provided:

"7286 3670a1. Retention of title in sales to be evidenced by a writing.—In all conditional sales of personal property, wherein the title to the property is retained by the vendor, as a security for the payment of purchase money, such retention of title shall be invalid unless evidenced by a written contract or memorandum, executed at the time of the sale. (1899, ch. 15)."

It alleged that under the decisions of the Supreme Court of Tennessee (citing same) the retention by a vendor of the title to personal property to secure the purchase money partakes of the nature of a lien. Such title, when retained in a written contract, unregistered, is superior to any right acquired by a purchaser for value without notice.

A copy of the title retaining note is attached and made a part of the interplea and is as follows:

"Due—December 15, 1950.

"$10,000.00      Dyersburg, Tennessee

"For value received *I* promise to pay to *Dyersburg Production Credit Association* or order, *Ten Thousand & No/100* Dollars with interest until paid, at the rate of 6 per cent per annum from *Sept. 29, 1950* at the time or times stated in the Schedule of Payments hereon at the office of Dyersburg Production Credit Association, Dyersburg, Tennessee

"This note is given for balance of purchase price of

"1 Massey Harris Self-Propelled Combine, Serial No. 75662

"1 Massey Harris Self-Propelled Combine, Serial No. 75657

and it is agreed that the title thereof shall remain in the *Dyersburg Production Credit Association* and its successors in ownership of this note until the purchase price or judgment for same is paid in full.

"If any installment of this note is not paid at the time and place specified herein, or upon any attempt to sell or transfer possession or ownership of said *two combines* or suffer said property to be misused or attempt to remove said property from the State of Tenn., the entire unpaid amount shall become due and payable forthwith at the election of the holder of the note, and the said *Dyersburg Production Credit Association* its agents or assigns, may immediately take posseession of said property without legal process and sell it at public or private sale without notice to the undersigned. After the payment of the expenses of said sale the net proceeds of such sale shall be applied to the price of said property, the balance, if any, shall be paid to the undersigned. The undersigned agrees to pay any balance due after such application.

"The makers, endorsers, sureties and guarantors of this note severally waive presentment for payment, protest, notice of non-payment and diligence, and agree that time of payment may be extended without affecting their liabilities. And if given to an attorney or officer for collection, agree to pay all cost of collection and a reasonable attorney's fee for collection expenses.

X /s/ Prather Willingham

Prather Willingham

"Tiptonville, Tennessee

"Address

"This note is further secured by a chattel mortgage of even date herewith covering other chattels." Filed July 5, 1951.

The prayer is for an order of the court releasing the attached property to interpleader.

Plaintiff's answer to the interplea admits that Dyersburg Production Credit Association is a corporation; that the property in issue was attached by the sheriff of New Madrid County as pleaded. It denies defendant is not the owner of the property attached and denies the interpleader has any right, title or interest in said attached property superior to the rights of plaintiff. The answer pleads that the retaining note or chattel mortgage is inferior to the rights of plaintiff because the same is not recorded in Missouri, where the property is located, nor in Arkansas, where defendant resided, and that plaintiff is an innocent party without notice of said lien.

The answer pleads estoppel because of acts of negligence and laches by permitting the property to be removed from Tennessee to Missouri with its consent and knowledge and by failure to try to locate the property knowing the same had been removed from Tennessee and permitting innocent person's rights to attach.

That interpleader has a chattel mortgage on other property of defendant of the value far in excess of the amount of interpleader's claim and ought to be required to exhaust its security before asserting this claim.

The trial court found for interpleader and decreed the property be turned over to it.

The evidence shows that Dyersburg Production Credit Association is a corporation, located in Lake County, Tennessee, engaged in the business of making production loans to farmers.

That interpleader repossessed two self-propelled combines from one, Harold D. Keller, and took from him a written power of attorney to dispose of them, together with a bill of sale conveying title to interpleader.

That in September, 1950, interpleader sold to defendant, Willingham, the two combines for a consideration of $10,000 and took in payment therefor Willingham's title retaining note dated September 29, 1950, and due December 15, 1950. Interpleader also took a chattel mortgage on additional farm machinery securing this note.

Prior to the sale to defendant, interpleader took a property statement on its regular form for making loans which showed defendant owed no debts.

Interpleader's evidence is that the first knowledge it had that defendant had moved the combines to New Madrid County, Missouri, was when the note became due and they contacted defendant and he informed them that the combines were near Portageville, in New Madrid County, and promised to return the same to Lake County, Tennessee. The testimony showed that when defendant failed to return the combines he was contacted by interpleader by telephone, letters and personal visits for the purpose of inducing him to return these combines; that later two of the representatives of interpleader came to Missouri searching for the combines and located them on a farm near Portageville; that one of the combines was on the back of the farm broken down and the other stored on the farm; that these combines could not be at that time returned to Tennessee for the reason of high water and rainy weather. The size of the combines was such that they could not be ferried across the river.

Just prior to the filing of plaintiff's attachment suit two of the representatives of interpleader went to Blytheville, where plaintiff and defendant lived, and in the presence of defendant and plaintiff, interpleader's representative told plaintiff it had a title retaining note against this property and that plaintiff heard defendant promise to return the same to Tennessee.

Interpleader testified that when its representatives came to Missouri to get the combines they found that the sheriff had attached the same and that they made written demands upon the sheriff for the possession thereof.

Plaintiff's evidence shows she was an endorser on the note sued on and that it was assigned to her by the First National Bank of Blytheville, Arkansas; that the note was due September 24, 1950, and no part thereof had been paid. She testified defendant absconded April 15th and that his whereabouts are unknown. The suit was filed some two days after defendant absconded. Plaintiff admitted she was present when defendant and the representatives of interpleader had a discussion in Blytheville, prior to her lawsuit. She stated she knew that interpleader had some interest but she did not know what interest it had in the property.

We think there is no dispute as to defendant's indebtedness to plaintiff. She was his aunt by marriage and had endorsed the note for him at the bank.

In our opinion we will refer to appellant as plaintiff and to respondent as interpleader.

In cases tried before the court without a jury the appellate court will review the case upon both the law and the evidence as in suits of an equitable nature. The judgment shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of witnesses. Section 510.-310 RSMo 1949, V.A.M.S.

■ Plaintiff's brief fails to comply with Supreme Court Rule 1.08, 42 V.A.M.S., in that the attempted allegations of error wholly fail to show what action or rulings

of the trial court are sought to be reviewed and why they are claimed to be erroneous.

Under points and authorities, the brief first states "Estoppel", and cites authorities thereunder. 2. "Laches" and cites authorities thereunder. 3. "The priority of the Production Credit Association's claim over the claim of Mrs. Lewis' attachment:" It then asked the following questions:

"A. Did the mentioning of the combines in the note, which was given to secure the $10,000.00 indebtedness and which note was secured by a chattel mortgage on numerous other property amount to anything more than a mortgage?

"B. Was it a pure conditional sales contract, or can it be construed for any purpose other than a mortgage to secure the indebtedness?"

These allegations preserve nothing for review. Supreme Court Rule 1.08; Berghorn v. Reorganized School Dist. No. 8, Mo.Sup., 260 S.W.2d 573, 580; Conser v. Atchison, T. & S. F. Ry. Co., Mo.Sup., 266 S.W.2d 587.

In plaintiff's argument it is stated: "If it can be said, that the Production Credit Association did not loan the money to Willingham, and that, what they did was not taken as security for the loan; and that the instrument is a pure conditional sales contract, then they have a right to repossess the property and take it back ahead of Mrs. Lewis' attachment lien, provided they had properly preserved their lien, a title retaining contract in Tennessee, and I think it is admitted, that this is a Tennessee contract, does nothing more than create a lien against the property, which would have to be enforced under the laws of Tennessee, in the forum where the property is located. That is so held in 131 Tennessee, and cited by the interpleader. But if they are in the loan business, and loaned the money to him, and took this property as security, regardless of what they call it, it is a mortgage; and not a conditional sales contract; and they would be required, under the law, to have complied with the laws of Missouri, relative to mortgages, before it would be superior to take priority over Mrs. Lewis' attachment."

We are able to determine from the whole brief that the allegations of error relied on by plaintiff are first, that the trial court erred in not finding for plaintiff and against defendant on the ground of equitable estoppel. Secondly, that interpleader could not recover on the ground of laches, and, thirdly, the trial court erred in holding that interpleader had a right to recover under the title retaining note sued on because it was merely a chattel mortgage and not a conditional sales contract under the laws of Tennessee.

In Conser v. Atchison, T. & S. F. Ry. Co., supra, 266 S.W.2d at page 589, the Supreme Court stated this law:

"Plaintiff's brief does not comply with Rule 1.08 (a) (3), 42 V.A.M.S., but we will rule this case on the merits since we are able to determine from the whole brief the allegations of error and the points made under them, which present important questions, and because we have decided other recent cases on the merits where the situation was similar. See Ezell v. Kansas City, Mo.Sup., 260 S.W.2d 248; Fosmire v. Kansas City, Mo.Sup., 260 S.W.2d 252. To properly comply with Rule 1.08(a) (3) the allegations of error and the points relied on should constitute a short concise outline of the part of the brief called 'an argument' in 1.08(a) (4). The purpose of this is to give the appellate court a short concise summary of what appellant claims the trial court did wrong and why he claims it was wrong."

■ Under the first point in plaintiff's brief the word "Estoppel" is set out with citations of authority. Under this defective assignment it is plaintiff's contention that since defendant moved the combines to Missouri and that such combines had been in New Madrid County for about five months, interpleader was estopped to assert its rights as against plaintiff. Plaintiff then cites this law, 31 C.J.S., Estoppel, § 59: "If a person by his conduct induces another to believe in the existence of a

particular state of facts, and the other acts thereon to his prejudice, the former is estopped, as against the latter, to deny that that state of facts does in truth exist."

The evidence in the instant case wholly fails to support any such contentions on the part of plaintiff. The debt sued on by plaintiff was some two years old. Plaintiff admitted she knew before the time of the attachment that interpleader had an interest of some kind in this property. She gave up nothing and, therefore, could not have been prejudiced, because the combines were brought to Missouri. There just isn't any evidence in this case to support plaintiff's contention and we find against plaintiff on that ground.

The second point is just the word "Laches". Plaintiff cites much authority under this heading. She cites 30 C.J.S., Equity, § 112, p. 520, which defines laches as an inexcusable delay in asserting a right for such a period of time that adverse rights have been acquired under circumstances that would make it inequitable to displace such adverse rights for the benefit of those who are bound by the delay.

There just isn't any testimony to justify this contention.

█ The last assignment of error is that the title retention note sued on is not a conditional sales contract under the laws of Tennessee but a mortgage and not having been recorded in Missouri does not create a superior right to plaintiff's rights under the attachment writ.

First, it is admitted that the contract relied on in this case or title retaining note is a Tennessee contract.

Section 3670a1, Ann.Code of Tenn.1917, Vol. III, states the law:

"In all conditional sales of personal property, wherein the title to the property is retained by the vendor, as a security for the payment of purchase money, such retention of title shall be illegal and invalid, unless evidenced by a written contract or memorandum, executed at the time of the sale."

This section is now section 7286 of the Code of Tenn., 1932, and is still in force in that state.

The Supreme Court of Tennessee in Shaw v. Webb, 131 Tenn. 173, 174 S.W. 273, 275, L.R.A.1915D, 1141, stated the law thus: "In this state, the retention by a vendor of the title to personal property to secure the purchase money partakes of the nature of a lien. [McDonald] Automobile Co. v. Bicknell, 129 Tenn. 493, 167 S.W. 108, and cases cited. Such title, when retained in a written contract, unregistered, is superior to any right acquired by a purchaser for value and without notice. Price v. Jones, 40 Tenn. 84; McCombs v. Guild, 77 Tenn. 81."

In Star Clothing Mfg. Co. v. Nordeman, 118 Tenn. 384, 387, 100 S.W. 93, the law is stated that a contract in writing by which one party sells to the other a personal chattel, retaining the title until the consideration is paid, is a conditional sale, not a mortgage, and need not be registered. Buson v. Dougherty, 30 Tenn. 50; Williston on Sales (2d Ed.), 7, p. 10.

On page 17 of plaintiff's brief, after citing McDonald Automobile Co. v. Bicknell, 129 Tenn. 493, 167 S.W. 108, plaintiff makes the following statement:

"We are well aware of the fact that a title retaining contract in Tennessee does not need to be recorded, while it does need to be recorded in Missouri. But that, under the comity rule, if it is an outright, conditional sales contract, and not security given for a loan the State of Missouri will enforce it; and it will take precedence over mortgage liens, and attachment liens attaching after its date. * * *"

So it is admitted by plaintiff herein that if the title retaining note sued on is a conditional sale it is valid under the laws of Tennessee and creates a lien superior to the attachment lien of plaintiff and will be enforced in Missouri.

In Associates Inv. Co. v. Froelich, Mo. App., 34 S.W.2d 987, 988, there was a conditional sales contract, conditioned upon title being reserved until all deferred payments for the purchase of the car were made. The contract was not recorded but it provided that the title was to remain in the seller or assigns and Grayson was not to attempt to sell it or encumber the automobile before title invested in him, and was not to remove the same from the county where he resided at the time the purchase was made. There was no provision or requirement for the recording of the contract in the state of Illinois, and the contract was not recorded there or anywhere else. Grayson disappeared and later the car was located in possession of defendant in St. Louis County, Missouri, and suit was filed in replevin to get possession thereof. Title had been gotten by a purchaser of this car in Missouri but there was not a complete chain of title and there was no bill of sale from the East Side Motor Co., Illinois, who held the conditional sales contract. It was contended that the comity existing between states does not require Missouri courts to validate the conditional sales contract executed in Illinois, because to do so would be against public policy of this state, as declared by our Motor Vehicle law. The court made this statement of law:

" * * * This question was decided adversely to appellant's contention in the case of Parker-Harris Co. v. Stephens, 205 Mo. App. 373, 224 S.W. 1036. The authorities upon this proposition were reviewed at considerable length in that opinion, which, we think, correctly declares the law as applied to the facts of this case. The validity of a contract of this kind has been passed upon with approval by the courts of Illinois. See Sherer-Gillett Co. v. Long, 318 Ill. 432, 149 N.E. 225. The case of Parker-Harris Co. v. Stephens, supra, involved the enforcement of a conditional sales contract covering an automobile. The contract was made and to be performed in the state of Tennessee, where the property was located. It was not recorded there because the laws of Tennessee did not require it. The court held that the conditional vendor had done all the laws of his state required, and the contract, being valid in that state, must be recognized and enforced in this state, in accordance with the laws of the state where the contract was executed and to be performed."

We have set out the title retention note in this opinion and it specifically provides that the title to the combines in question shall be an remain in interpleader or assigns until the purchase price is paid and it provides that if the property be removed from the state of Tennessee, the holder of the note may elect to declare the same due and take immediate possession thereof. The evidence in the case supports the recitals of the note. It shows interpleader was the owner of the property at the time of the sale; that the title retention note was taken for the purchase price; that the property was removed to Missouri without the knowledge or consent of interpleader; that the note is now due and unpaid.

Under the law and the evidence in the instant case we find that the title retention note was a valid conditional sale under the laws of Tennessee; that under comity rule this contract will be enforced in Missouri and it takes precedence over the attachment lien of plaintiff.

The fact that other security was given to secure the note in no way affects the validity of the conditional sales contract. McDonald Automobile Co. v. Bicknell, 129 Tenn. 493, 167 S.W. 108.

Judgment affirmed.

STONE and RUARK, JJ., concur.